22-04559MB

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT APPLICATION**

Your affiant, Homeland Security Investigations (HSI) Special Agent (SA) Jason Kirk, being duly sworn, does depose and state the following:

**PURPOSE OF AFFIDAVIT AND IDENTIFICATION OF DEVICES**

1. This affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination and extraction of electronically stored information from electronic device associated to Tad Edward ARGYLE which is currently in law enforcement possession. The electronic device (Target Device 1 or TD 1) to be searched is:

   a. One grey Samsung cell phone,
      IMEI: 357157883959592, Telephone number: (385) 977-9729,
      SIM: 8901260138746963788

   This device is described in Attachment A and hereafter referred to as the "TD 1". TD 1 is currently located at 2334 E Highway 80 Douglas, AZ 85607.[1]

2. here is probable cause to believe that a search of TD 1 will lead to evidence of human smuggling violations under 8 U.S.C. § 1324 as well as to the identification of individuals who are engaged in the commission of those and related crimes.

3. The facts that establish the probable cause necessary for issuance of the Order are personally known to me, are contained in official government or business records I have reviewed; or have been told to me directly by other members of the investigative team, which includes federal, state, or local law enforcement officers with whom I have worked on this investigation.  As this affidavit is submitted for a limited purpose, it does not contain all aspects of this investigation, but only sufficient information to establish probable cause in support of the issuance of an Order for the examination of TD 1.

---

[1] For internal case consistency purposes, cellular phones and other electronic devices collected are referred to as "target devices" and numbered.

22-04559MB

## SUSPECTED VIOLATIONS

- Title 8 U.S.C. § 1324(a)(1)(A)(i) (Bringing in alien(s) at an Improper Time or Place)
- Title 8 U.S.C. § 1324(a)(1)(A)(ii) (Transporting an Illegal Alien in Furtherance of the aliens illegal presence in the United States)
- Title 8 U.S.C. § 1324(a)(1)(A)(iii) (Concealing, Harboring, or Shielding Illegal Aliens)
- Title 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Conspiracy to Commit Alien Smuggling)

## TRAINING AND EXPERIENCE

4.  Your Affiant is a Special Agent with Homeland Security Investigations and has been since March 18, 2018. I graduated from Criminal Investigator Training Program and Homeland Security Special Agent training at the Federal Law Enforcement Training Center, where I received instruction in constitutional law, immigration law, criminal law, and federal and civil statutes. I have also received instruction in the detection, interdiction, and arrest of narcotics smugglers, alien smugglers, and aliens illegally present in the United States.

5.  Prior to joining HSI, I was a Border Patrol Agent for 10 years and a Case Agent for the Tucson Sector Prosecutions Unit from 2012-2014. I have conducted investigations involving illicit activity and have gathered evidence and facts pertaining to administrative and criminal cases. I have taken sworn statements from material witnesses and suspects. I routinely perform records checks through various law enforcement databases to establish accuracy of information as well as to gather facts relevant to a respective case. I have acted as a liaison between the United States Attorney's Office and field agents, and I have assisted fellow agents in the development of their cases.

6.  The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly

2

22-04559MB

or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by a confidential source; analysis of public records; controlled purchases of drugs; analysis of social media information; analysis of telephone records; intercepted communications; and analysis of financial records.

7. The applied-for warrant would authorize the forensic examination of the TD 1 for the purpose of identifying electronically stored data particularly described in Attachment B.

## STATEMENT OF PROBABLE CAUSE

8. During the morning hours of April 6, 2022 Special Agents (SAs) responded to a remote area in Douglas, Arizona where a local rancher found a deceased illegal alien (IA) lying on the shoulder of Rucker Canyon Road. The deceased IA was identified as Josue David Cardenas-Padilla through his Mexico Voter Identification Card or (Credential). Major Crimes Detectives with the Cochise County Sheriff's Office (CCSO) determined Cardenas-Padilla had been dropped off sometime during the evening hours of April 5, 2022 and 5 a.m. on April 6, 2022, when the rancher reported finding the IA.

9. At the crime scene CCSO Detectives observed tire tread patterns near Cardenas-Padilla's body that Detectives and SAs believed would belong to a large truck with oversized rims. Detectives told SAs a Deputy on patrol had observed a red F-150 towing a trailer bearing an out of state license plate on the night before, April 5, 2022. The Detectives said the F-150 had oversized tires and custom rims that could possibly match the tire tread found at the scene.

10. On April 20, 2022, an off duty Border Patrol Agent (BPA) observed several individuals being picked up in a white GMC Sierra pulling a trailer with Utah plates. The off-duty agent called the Douglas Border Patrol Station where BPAs located and stopped the

22-04559MB

white GMC.  The driver of the GMC was identified as Tad Edward ARGYLE. ARGYLE was arrested for transporting eight IAs.

11. BPAs conducted queries of the license plate on the trailer and found the trailer was captured on a license plate reader being pulled by a red-F150 on April 6, 2022, and April 11, 2022, near State Route (SR) 80 and SR 9 which are in close proximity to the Rucker Canyon Road crime scene.  The photo of the red-F150 showed it has large, oversized tires and chrome rims and it was pulling the same Utah-plated trailer seized with the white GMC.  SAs later found the red-F150 at a Motel 6 in Douglas, Arizona on April 20, 2022 and seized it after ARGYLE made admissions to using it for human smuggling.

12. While in custody, ARGYLE made conflicting post-*Miranda* statements.  He claimed he was in Douglas, Arizona for only a few days then later changed that to say it was about a month.   He stated he did not smuggle IAs during the last month but later said he did.  He also admitted to smuggling IAs in his red-F150 on five or six occasions and admitted to picking up at least one group east of Douglas which places him within the vicinity of the Rucker Canyon Road crime scene.

13. ARGYLE verbally granted limited consent to search TD 1.  ARGYLE unlocked TD 1 and showed SAs conversations in WhatsApp with co-conspirators involving map locations for pick-ups of IAs.  One such location was on April 5, 2022· on or near Silver Creek Road and SR 80.  The location is approximately 14 miles from the Rucker Canyon Road crime scene and within the time frame where SAs and Detectives believe Cardenas-Padilla was left on the shoulder of the road.

14. Due to the nature and secrecy of this alien smuggling organization (ASO), your Affiant believes that thorough a search of TD 1, agents will be able to identify and link co-conspirators that worked with ARGYLE and the ASO.  It may also provide details to the death of Cardenas-Padilla.  TD 1 was seized by HSI and is currently in storage at 2334 E. Highway 80, Douglas, Arizona 85607.  In your Affiant's training and experience, your Affiant knows that TD 1 has been stored in a manner in which the

contents are, to the extent material to this investigation, in substantially the same state as they were when TD 1 first came into the possession of Homeland Security Investigations.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15. Based on my knowledge, training, and experience, I know that electronic devices such as TD 1 can store information for long periods of time.  Similarly, things that have been viewed on the electronic device via the Internet and applications are also typically stored for long periods of time. This information can sometimes be recovered with forensic tools.

16. *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in this affidavit, but also forensic evidence that establishes how TD 1 was used, the purpose of its use, who used it, and when.  There is probable cause to believe that the following forensic electronic evidence might be found on TD 1:

   a)     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b)      Forensic evidence on an electronic device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c)     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d) The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17. *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of TD 1 consistent with the warrant. The examination may require authorities to employ techniques, including, but not limited to, computer-assisted scans of the entire medium, that might expose many parts of the electronic device to human inspection in order to determine whether it is evidence described by the warrant.

18. *Manner of execution.*  Because this warrant seeks only permission to examine TD 1 which is already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

### SUMMARY

19. Based on the foregoing factors, I believe that TD 1 was used to facilitate and further the smuggling of illegal aliens through the U.S. in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii) and other federal statutes. Obtaining the electronically stored

information from TD 1 is anticipated to yield additional evidence of a human smuggling conspiracy between ARGYLE and other co-conspirators unknown to investigators.

20.   Considering the ongoing investigation referred to in this affidavit, and the need to avoid any one of the adverse results enumerated in 18 U.S.C. § 2705(a)(2), it is further requested that this affidavit be filed *under seal* and that notice of the order be delayed for a period of 180 days.

I swear, under penalty of perjury, that the foregoing is true and correct.

JASON W KIRK   Digitally signed by JASON W KIRK
Date: 2022.05.19 13:09:33 -07'00'

Jason Kirk, Special Agent
Homeland Security Investigations

Electronically subscribed, submitted and sworn to me telephonically on this __19th__ day of May, 2022.

MARIA S. AGUILERA
United States Magistrate Judge
District of Arizona